# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-022V**

DAVID KLINGLER,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: October 7, 2026

*Concetta Petrillo, Campson & Campson, White Plains, NY, for Petitioner.*

*Mary Novakovic, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DISMISSING CLAIM[1]

On January 8, 2025, David Klingler filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that his receipt of an influenza ("flu") vaccination on January 18, 2022, and a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on September 5, 2022, caused him to develop a right-sided shoulder injury related to vaccine administration ("SIRVA") – a Table claim. Am. Pet. at 1, 9. Petitioner also alleged that his receipt of a Hepatitis-B ("Hep B") vaccination on January 18, 2022, and a pneumococcal conjugate 15-valent ("PCV15") vaccination on August 9, 2022, caused him to develop a left-sided SIRVA.[3] *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Alternatively, Petitioner alleges that the subject vaccinations were the cause-in-fact of his bilateral injuries or significantly aggravated shoulder conditions in each shoulder.

On October 6, 2026, Petitioner moved for the voluntary dismissal of this case, pursuant to Vaccine Rule 21(b). Vaccine Rule 21(b) provides that I may dismiss a petition or any claim therein at the request of Petitioner, on terms that I consider proper, by issuance of a decision pursuant to Section 12(d)(3).

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose sufficient evidence to establish that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner was injured by a vaccine.

**For these reasons, in accordance with Vaccine Rule 21(b) and Section 12(d)(3)(A) of the Vaccine Act, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.